Michael A. Rollin (State Bar No. 251557)
REILLY POZNER LLP
10833 Wilshire Boulevard, Unit 604
Los Angeles, California 90024
Telephone: (310) 425-0922
Facsimile: (303) 893-6110
mrollin@rplaw.com

Daniel M. Reilly (*To Be Filed*)
Matthew D. Spohn (*To Be Filed*)
REILLY POZNER LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
dreilly@rplaw.com
mspohn@rplaw.com

Attorneys for Plaintiff LEHMAN BROTHERS HOLDINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIORNIA—EASTERN DIVISION

LEHMAN BROTHERS HOLDINGS, INC,

        Plaintiff,

vs.

PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. f/k/a PARAMOUNT RESIDENTIAL MORTGAGE CORPORATION,

        Defendants.

CASE NO. ED CV 09 - 00243

COMPLAINT

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") invokes this court's jurisdiction pursuant to 28 U.S.C. § 1332 given the complete diversity of citizenship between the plaintiff and defendant. LBHI, by and through its undersigned attorneys, and for its causes of action against Defendant, Paramount Residential Mortgage Group, Inc. f/k/a

Paramount Residential Mortgage Corporation ("Paramount"), alleges and states as follows:

## NATURE OF ACTION

1. From 2005 until 2007, Lehman Brothers Bank, FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from Paramount pursuant to a series of written contracts. LBB subsequently assigned its rights under those contracts to LBHI. With respect to certain of these mortgage loans, Paramount breached representations, warranties and covenants and other provisions of the contracts. By this action, LBHI seeks to: (a) compel Paramount, pursuant to the terms of the contracts, to repurchase mortgage loans that Lehman purchased and (b) recover money damages where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained.

## PARTIES

2. LBHI is a Delaware corporation with its principal place of business in New York.

3. Paramount, formerly known as Paramount Residential Mortgage Corporation, is a California corporation with its corporate headquarters located at 2280 Wardlow Circle, Suite 220, Corona, California 92880.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff LBHI and Defendant Paramount, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant Paramount resides in Corona, Riverside County, California.

275914

# FACTUAL ALLEGATIONS

6. Lehman engages in the purchase and sale of mortgage loans.

7. Paramount engages in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

8. Defendant entered into a written Loan Purchase Agreement with Lehman on August 18, 2005 (the "Agreement"). The Agreement specifically incorporates the terms and conditions of the Seller's Guide of Lehman's agent Aurora Loan Services LLC ("Aurora"), which sets forth additional duties and obligations of Paramount.

9. The Agreement and the Seller's Guide set forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery, and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

10. Paramount sold a number of mortgage loans to Lehman under the Agreement and Seller's Guide, including the loans numbered 1 through 10 on **Exhibit A**, attached hereto and incorporated by reference herein.

11. Subsequent to such sales, LBB assigned all of its rights and remedies under the Agreement and Seller's Guide to LBHI

## Misrepresentation

12. With respect to each of the loans sold to Lehman under the Agreement and Seller's Guide, Paramount made a number of representations, warranties, and covenants concerning the mortgage loans including with respect to, without limitation:

    (a) the validity of all mortgage loan documentation;

(b) the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

(c) occupancy by the borrower of the property securing the mortgage loan;

(d) the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

(e) the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

13. Paramount also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans, and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

14. With respect to itself, Paramount represented and/or warranted that it has the ability to perform its obligations under, and satisfy all requirements of, the Agreement and Seller's Guide.

15. With respect to certain mortgage loans purchased from Paramount, Lehman discovered material problems with those loans and that Paramount had breached representations, warranties, and/or covenants under the Agreement and Seller's Guide concerning the mortgage loans, including but not limited to those set forth in paragraphs 12 and 13 above.

16. More specifically, with respect to loans numbered 8 through 10 on **Exhibit A**, attached hereto and incorporated by reference herein, Paramount breached one or more of the representations, warranties, and/or covenants under the Agreement and Seller's Guide.

17. LBHI, through its agent, provided Paramount with individual letters noticing Paramount of Paramount's various breaches of the representations and warranties with respect to the loans referenced in paragraph 16 above.

18. The Agreements and Seller's Guide provide that in the event of a breach of the representations, warranties, and/or covenants, LBHI or its agent may demand that Paramount repurchase the loans and Paramount shall repurchase the loans at a certain repurchase price. LBHI, through its agent, has demanded that Paramount repurchase the mortgage loans referenced in paragraph 16 above at the specified repurchase price.

19. Paramount has refused, and continues to refuse, to repurchase the mortgage loans, to indemnify Lehman, or otherwise comply with its obligations under the Agreement and Seller's Guide with respect to the loans referenced in paragraph 16 above.

### Early Payment Defaults

20. The Agreement and Seller's Guide specify that LBHI or its agent may demand that Paramount repurchase, and that Paramount shall repurchase, mortgage loans that become Early Payment Defaults.

21. A loan becomes an Early Payment Default under the Agreement and Seller's Guide in one of two ways. For loans prior-approved by the purchaser, the loan becomes an Early Payment Default if the borrower fails to make the first monthly payment due within 30 days of the payment's due date. For loans purchased pursuant to the seller's delegated underwriting authority, eligible for delegated underwriting, or purchased in bulk transactions, the loan becomes an Early Payment Default if the borrower fails to make the first or second monthly payment due within 30 days of each such monthly payment's

5

respective due date. Paramount received delegated underwriting authority before it sold the loans in question.

22. Certain loans that Lehman purchased from Paramount became Early Payment Defaults. More specifically, with respect to the loans numbered 1 through 7 on **Exhibit A**, attached hereto and incorporated by reference herein, the borrower failed to make the first and/or second payment within 30 days of the due dates for those payments.

23. LBHI, through its agent, provided Paramount with written notice of the fact that the loans referenced in paragraph 22 above became Early Payment Defaults and demanded that Paramount repurchase those mortgage loans.

24. Paramount has refused, and continues to refuse, to repurchase the mortgage loans or otherwise comply with its obligations under the Agreement and Seller's Guide with respect to the loans referenced in paragraph 22 above.

### FIRST CLAIM FOR RELIEF
(Breach of Contract – Damages)

25. LHBI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

26. The Agreement and Seller's Guide is a valid and enforceable contract that is binding upon Paramount.

27. Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and Seller's Guide.

28. As set forth herein, Paramount has breached the respective Agreement and Seller's Guide by (a) breaching the representations, warranties, and/or covenants, (b) refusing or otherwise failing to

6

repurchase the mortgage loans affected by the breached representations, warranties, and/or covenants, and/or refusing to indemnify Lehman, and (c) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults, and/or refusing to indemnify Lehman.

29. With regard to the mortgage loans that Paramount has failed to repurchase and/or indemnify, Paramount's breaches of the Agreement and Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

(Breach of Contract – Specific Performance)

30. LHBI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

31. In the alternative, LBHI seeks specific performance.

32. Each of the Agreement and Seller's Guide constitutes a valid and enforceable contract that is binding upon Paramount.

33. The contractual repurchase provisions are definite.

34. The Agreement and Seller's Guide are just and reasonable.

35. Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and Seller's Guide.

36. As set forth herein, Paramount has breached the respective Agreement and Seller's Guide by (a) breaching the representations, warranties, and/or covenants, (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties, and/or covenants, and (c) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults.

37. Due to the unique and specific nature of mortgage loans intended for securitization and the real property securing the mortgage loans, LHBI has no adequate remedy at law for redress of Paramount's breaches of the representations and/or warranties and its obligation to repurchase loans that have become Early Payment Defaults.

38. LHBI is therefore entitled to an Order of this Court requiring specific performance by Paramount of its repurchase obligations under the Agreement.

### THIRD CLAIM FOR RELIEF

(Breach of Express Warranty)

39. LHBI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

40. The Agreement and the Seller's Guide constitute valid and enforceable contracts that are binding upon Paramount.

41. With regard to each of the mortgage loans sold to Lehman under the Agreement and Seller's Guide, Paramount made a number of express warranties with respect to material facts concerning the loans as set forth in paragraphs 12 and 13 above.

42. The express warranties contained in the Agreements and Seller's Guide were part of the basis of the bargain between Lehman and Paramount.

43. Paramount breached such express warranties for those loans numbered 8 through 10 on **Exhibit A**, attached hereto and incorporated by reference herein.

44. LBHI, through its agent, provided Paramount with timely written notice concerning Paramount's breaches of the express warranties.

45. Paramount refused or failed to take adequate steps to

8

remedy or to compensate Lehman for Paramount's breaches of the express warranties.

## PRAYER FOR RELIEF

WHEREFORE, LHBI respectfully requests that this Court enter judgment in its favor and against Defendant, as follows:

(a) For all damages arising from or relating to Paramount's breaches of contract, in an amount to be proved at trial;

(b) For a decree of specific performance requiring Paramount to immediately repurchase all of the mortgage loans identified in **Exhibit A** pursuant to the Agreement and Seller's Guide;

(c) For an Order of this Court declaring that:

(i) Paramount is required to repurchase immediately from LHBI the mortgage loans identified in **Exhibit A**.

(ii) Paramount is required to compensate LHBI immediately for all actual and consequential damages resulting from Paramount's breaches of the representations and/or warranties and Early Payment Default provisions of the Agreement and Seller's Guide.

(d) For recoverable interest;

(e) For the costs and expenses of suit incurred by LHBI herein, including attorneys' fees and costs and expert witness fees;

(f) For such other relief as this Court deems just and proper.

275914

DATED: February 5, 2009.   REILLY POZNER LLP

_____
Michael A. Rollin
Daniel M. Reilly
Matthew D. Spohn
Attorneys for Plaintiff
LEHMAN BROTHERS HOLDINGS, INC.

## EXHIBIT A

| # | ALS Loan # | Primary Claim |
|---|---|---|
| 1 | ******3675 | Early Payment Default |
| 2 | ******8360 | Early Payment Default |
| 3 | ******7045 | Early Payment Default |
| 4 | ******9796 | Early Payment Default |
| 5 | ******8615 | Early Payment Default |
| 6 | ******8185 | Early Payment Default |
| 7 | ******5183 | Early Payment Default |
| 8 | ******5216 | Breach of representations, warranties and/or covenants |
| 9 | ******8740 | Breach of representations, warranties and/or covenants |
| 10 | ******8807 | Breach of representations, warranties and/or covenants |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL
## (MAGISTRATE JUDGE CIVIL CONSENT PILOT PROJECT)

*The court has directed that the following rules be specifically called to your attention:*

    I.     Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 08-09].
    II.    Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
    III.   Service of Papers and Process (Local Rule 4)

**I.    NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

*__Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.__*

    This case has been randomly assigned to Magistrate Judge <u>Oswald Parada</u> under the Civil Consent Pilot Project in accordance with General Order 08-09. The case number on all documents filed with the court should read as follows: <u>ED CV 09-243 OP</u>

    The parties are advised that they may consent to have the assigned magistrate judge conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The parties may consent to proceed only before the assigned magistrate judge.

    **The parties are further advised that they are free to withhold consent without adverse substantive consequences.** **If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. For cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 30 days after service of the summons and complaint upon that defendant, and within 30 days by plaintiff after service upon the first-served defendant.**

    **For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 11 days after the notice of removal is filed.**

    Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

    Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

    If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time

---

CV-20A (01/09)                    NOTICE TO COUNSEL

required by Local Rule 73-2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the reassigned case as the discovery judge.

You may contact the Civil Consent Case Coordinator at (213) 894-4446 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about this new Pilot Project.

## II.     CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1 states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## III.    SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(I). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER:

ATTORNEYS FOR:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| LEHMAN BROTHERS HOLDINGS, INC.<br><br>Plaintiff(s),<br>v.<br><br>PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., etc.<br><br>Defendant(s) | CASE NUMBER:<br><br>ED CV 09-243 OP<br><br>STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE |
|---|---|

*(THIS FORM SHALL BE USED ONLY FOR CASES IN WHICH A MAGISTRATE JUDGE IS INITIALLY ASSIGNED PURSUANT TO LOCAL RULE 73-2.)*

All parties to the above-captioned civil matter are to select one of the following two options and file this document with the Clerk's Office.

☐ In accordance with the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P. 73(b), the party or parties listed below to the above-captioned civil matter hereby waive their right to proceed before a District Judge and **consent** to have the assigned Magistrate Judge _____ conduct all further proceedings in the case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☐ The party or parties listed below to the above-captioned civil matter **do not consent** to proceed before the assigned Magistrate Judge _____ .

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (**OR** Party if Pro Per) | Signature and date | Counsel for (Name Parties) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

☐ Check this box if all parties have consented to proceed before the assigned Magistrate Judge.

CV-11C (01/09)    STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Michael A. Rollin (SBN 251557)
Reilly Pozner LLP
10833 Wilshire Boulevard, Unit 604
Los Angeles, CA 90024
Telephone: 310-425-0922
Facsimile: 303-893-6110

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

| LEHMAN BROTHERS HOLDINGS, INC. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) ED CV | 09 - 00243 |
| v. | |
| PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. f/k/a PARAMOUNT RESIDENTIAL MORTGAGE CORPORATION, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): <u>PARAMOUNT RESIDENTIAL MORTGAGE GROUP INC., f/k/a PARAMOUNT</u>

A lawsuit has been filed against you.

Within <u>  20  </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael A. Rollin</u>, whose address is <u>511 Sixteenth Street, Suite 700, Denver, Colorado 80202</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: FEB - 5 2009

By: L. MURRAY
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)   SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LEHMAN BROTHERS HOLDINGS INC.

**DEFENDANTS**
PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.
f/k/a PARAMOUNT RESIDENTIAL MORTGAGE CORPORATION

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael A. Rollin (SBN 251557), REILLY POZNER, LLP
10833 Wilshire Blvd., Unit 604, Los Angeles, CA 90024
(310) 425-0922

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity, 28 U.S.C. Section 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☒ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**ED CV 09 - 00243**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

FEB - 5 2009

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE COUNTY | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date Feb. 4, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)   CIVIL COVER SHEET   Page 2 of 2